UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RICHARD NATHANIEL MILLER                    CIVIL ACTION

VERSUS                                      NO. 16-5778

EDITH BROWN CLEMENT, UNITED                 SECTION "E"(2)
STATES FIFTH CIRCUIT JUDGE ET AL.

## REPORT AND RECOMMENDATION

Plaintiff, Richard Nathaniel Miller, is a prisoner currently incarcerated in the Dixon Correctional Institute ("DCI") in Jackson, Louisiana.  He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against United States Court of Appeals Judges Edith Brown Clement, W. Eugene Davis and Gregg J. Costa; United States District Judge Jay C. Zainey; retired United States Magistrate Judge Alma L. Chasez; Louisiana Governor John Bel Edwards, Louisiana Attorney General Jeff Landry; Orleans Parish District Attorney Leon Cannizzaro; Assistant Orleans Parish District Attorneys Andrew Pickett and J. Bryant Clark; and the State of Louisiana.  Record Doc. Nos. 4, 5 and 9 (Complaint and Supplemental Complaints).  In summary, plaintiff asserts the following:

(1)  Magistrate Judge Chasez denied him due process when she recommended dismissal of his habeas corpus petition (C. A. No. 12-2806"A"(5)).
(2)  Judges Chasez and Zainey ignored the evidence of a state conspiracy in connection with his conviction before Orleans Parish Criminal District Court Judge Camille Buras, who is <u>not</u> a named defendant in this case.
(3)  Judge Zainey dismissed his habeas corpus petition despite the fraud and conspiracy underlying his conviction.

(4)    The Orleans Parish District Attorney's Office responded to his habeas corpus petition without fully notifying the court of each state post-conviction application.

(5)    Judge Zainey knew that correspondence had been sent to Circuit Judge James Dennis complaining that Judge Zainey prejudicially adopted the Magistrate Judge's report based on falsified state court records and denied a stay and abeyance.

(6)    Judge Zainey allowed the State to substitute one fraudulent attorney, Andrew Pickett, with another, J. Bryant Clark, and failed to do a de nova review of the record.

(7)    Judge Clement acted without subject matter jurisdiction and denied the certificate of appealability instead of remanding the case for the district court to follow the Constitution.

(8)    Judge Dennis, who is not a defendant, Dawn Victorian, who is also not a defendant, and several other clerks were advised of his desire for a stay and failed to advise Judge Clement.

(9)    Judges Clement, Davis and Costa denied rehearing on his appeal, and Judges Davis and Costa failed faithfully to exercise their oaths of judicial office when they concurred with Judge Clement's ruling.

(10)   Leon Cannizzaro did not answer his habeas corpus petition and assigned his assistant, Andrew Pickett, to do so.  Pickett's response contradicted the record in the case.

(11)   Cannizzaro exceeded the scope of his professional obligations when he allowed the litigation in federal court.

(12)   Pickett's response furthered the conspiracy to deprive Miller of his state and federal constitutional rights.

Miller appears to seek his "immediate release" and reversal of the rulings in his prior habeas petition.  Record Doc. No. 5-1 at p. 5 (¶ V).

## ANALYSIS

I.    STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis.  28 U.S.C. § 1915A(a); Lewis v. Estes, 242 F.3d 375, 2000 WL

1673382, at *1 (8th Cir. 2006); Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004);

Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998).  Such complaints by prisoners and

by others proceeding in forma pauperis must be dismissed upon review if they are

frivolous or fail to state a claim upon which relief can be granted or seek monetary relief

from a defendant who is immune.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact."  Davis v.

Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir.

1994).  The law "'accords judges not only the authority to dismiss a claim based on an

indisputably meritless legal theory, but also the unusual power to pierce the veil of the

complaint's factual allegations and dismiss those claims whose factual contentions are

clearly baseless.'"  Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th

Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably

meritless legal theory, such as if the complaint alleges the violation of a legal interest

which clearly does not exist.'"  Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder,

105 F.3d 1059, 1061 (5th Cir. 1997)).  "When a complaint raises an arguable question

of law which the district court ultimately finds is correctly resolved against the plaintiff,

dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section

1915(d) standard is not."  Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992).

In this case, plaintiff's Section 1983 complaint must be dismissed either as legally frivolous, for failure to state a claim or because it seeks relief from defendants who are immune.

II.     <u>JUDICIAL IMMUNITY</u>

Plaintiff's written submissions challenge the actions of the defendant judges in ruling on a petition for writ of habeas corpus previously filed by plaintiff in this court in Civil Action No. 12-2806 "A"(5).  All of his claims against the judges are barred by judicial immunity.

For more than one hundred years, judges have been held immune from liability for judicial acts done within their jurisdiction.  <u>Stump v. Sparkman</u>, 435 U.S. 349, 356 (1978) (citing <u>Bradley v. Fisher</u>, 80 U.S. 335 (1871)); <u>Mays v. Sudderth</u>, 97 F.3d 107, 110 (5th Cir. 1996).  "A judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any acts performed in [his or her] judicial role." <u>Ammons v. Baldwin</u>, 705 F.2d 1445, 1447 (5th Cir. 1983) (citations omitted); <u>accord</u> <u>Mays</u>, 97 F.3d at 110-11.  This judicial immunity applies even if a judge is accused of acting maliciously or corruptly.  <u>Stump</u>, 435 U.S. at 356-57; <u>Pierson v. Ray</u>, 386 U.S. 547, 554 (1967), <u>overruled in part on other grounds by Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982), <u>as recognized by Hill v. Shelander</u>, 992 F.2d 714, 716 (7th Cir. 1993); <u>Mays</u>, 97 F.3d at 110-11.

In the past, judicial officers did not enjoy absolute immunity from suits seeking injunctive relief.  Relief of that nature was available under Section 1983 against state court judges acting in their judicial capacity.  Pulliam v. Allen, 466 U.S. 522, 541-42 (1984).  However, the Federal Courts Improvement Act of 1996 ("FCIA") amended Section 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983.

The FCIA therefore statutorily overruled Pulliam's holding regarding the availability of injunctive relief against a judge in his official capacity. Guerin v. Higgins, No. 00-0244, 2001 WL 363486, at *1 (2d Cir. 2001) (unpublished); Nollet v. Justices, 83 F. Supp. 2d 204, 210 (D. Mass. 2000); see also Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (1996 amendment to Section 1983 limits the relief available against a federal judge to declaratory relief).  Thus, neither injunctive relief nor damages are available in this Section 1983 action against the judges who are defendants in this case. Tesmer v. Granholm, 114 F. Supp. 2d 603, 618 (E.D. Mich. 2000); Nollet, 83 F. Supp. 2d at 210.

In addition, to whatever extent, if any, that Miller seeks an order of this court directing the judges to take action concerning plaintiff's state criminal charges, a federal court has no power to direct a state court or its judicial officers in the performance of

their duties when mandamus is the only relief sought.  In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001); Santee v. Quinlan, C.A. No. 96-3417, Record Doc. Nos. 3, 7, 8 (Nov. 5 & 27, 1996) (Duval, J.),  aff'd, 115 F.3d 355, 356-57 (5th Cir. 1997); Russell v. Knight, 488 F.2d 96, 97 (5th Cir. 1973); Moye v. Clerk, 474 F.2d 1275, 1276 (5th Cir. 1973); Lamar v. 118th Judicial Dist. Court, 440 F.2d 383, 384 (5th Cir. 1971); White v. Stricklin, No. 3:02-CV-688-D, 2002 WL 1125747, at *2 (N.D. Tex. May 23, 2002); Norman v. Louisiana S. Ct., No. 01-2225, 2001 WL 881298, at *1 (E.D. La. Aug. 3, 2001) (Duval, J.).  This court is without authority to order officials of the state court having jurisdiction over criminal charges against plaintiff to treat him in any particular way or to otherwise interfere with the orders of its judges.

The actions taken by the judges who are defendants in this case are also within the scope of their roles as judicial officers and therefore within their jurisdiction. Consequently, the doctrine of absolute judicial immunity bars Miller's suit against these judges.  His complaint against the judges must be dismissed because these defendants are immune.  28 U.S.C. §§ 1915(e)(2)(iii) and 1915A(b)(2).

Even construed broadly, Miller's complaint, as supplemented, fails to state any violation whatsoever of his constitutional rights that might be cognizable under Section 1983.  Miller has failed to allege anything that could reasonably be construed as a constitutional violation committed by these judges.  Under these circumstances, even beyond the immunity granted by the law in favor of the judges, it must be concluded that

Miller's complaint is legally frivolous and/or fails to state a claim upon which relief might be granted.

III.   CLAIMS AGAINST THE GOVERNOR

Plaintiff has named Louisiana Governor John Bel Edwards as a defendant. Whether named in his official or personal capacities, all claims against the governor must also be dismissed as legally frivolous.

Miller makes no claim that Governor Edwards was personally involved in any way in the alleged acts or omissions upon which his claims are based or that he had any knowledge of them. "There is no respondeat superior liability under section 1983." Eason v. Thaler, 73 F.3d 1322, 1327 (5th Cir. 1996); accord Field v. Corr. Corp. of Am. Inc., 364 F. App'x 927, 929 (5th Cir. 2010); Cox v. Irby, 281 F. App'x 390, 391 (5th Cir. 2008); Kohler v. Englade, 470 F.3d 1104, 1114-15 (5th Cir. 2006).  Thus, the governor cannot be held liable under Section 1983 pursuant to a theory of respondeat superior simply because the persons allegedly responsible for plaintiff's injury, if any, including for example the DOC secretary, were in his employ or under his supervision.  Sanders v. English, 950 F.2d 1152, 1160 (5th Cir. 1992); Baskin v. Parker, 602 F.2d 1205, 1208 (5th Cir. 1979); Barksdale v. King, 699 F.2d 744, 746 (5th Cir. 1983).

To hold the governor liable, plaintiff must establish either that he was "personally involved in the acts causing the deprivation of his constitutional rights or that a causal connection exists between an act of [the defendant] . . . and the alleged constitutional

violation." <u>Douthit v. Jones</u>, 641 F.2d 345, 346 (5th Cir. 1981); <u>accord</u> <u>Cox</u>, 281 F. App'x at 391; <u>Kohler</u>, 470 F.3d at 1115. In the instant action, plaintiff has failed to establish either that the governor was personally involved in any acts causing the deprivation of his constitutional rights or that a causal connection exists between any act by him and the alleged constitutional violation.

A supervisory official may be held liable for his subordinates' actions only if the official implemented an unconstitutional policy that causally resulted in plaintiff's injury. <u>Monell v. Dep't of Social Servs.</u>, 436 U.S. 658, 691-95 (1978); <u>Thompson v. Johnson</u>, 348 F. App'x 919, 921 (5th Cir. 2009) (citing <u>Mouille v. City of Live Oak</u>, 977 F.2d 924, 929 (5th Cir. 1992)); <u>Gates v. Texas Dep't of Protective & Regulatory Servs.</u>, 537 F.3d 404, 435 (5th Cir. 2008). Without alleging a particular custom, usage or policy for which the governor can be held constitutionally liable, plaintiff fails to state a claim for relief under Section 1983. <u>Monell</u>, 436 U.S. at 691-95; <u>Thompson</u>, 348 F. App'x at 921-22; <u>Mouille</u>, 977 F.2d at 929.

To hold a supervisory official liable for the acts of a subordinate, plaintiff must show that "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." <u>Smith v. Brenoettsy</u>, 158 F.3d 908, 911-12 (5th Cir.1998). No such allegations have been made in this case against the governor, either in his personal or his

official capacity.  Under these circumstances, the governor must be dismissed with prejudice in this case.

IV.   CLAIMS AGAINST THE STATE

Miller names the State of Louisiana as a defendant.  It is entirely unclear from Miller's allegations how the State might conceivably be liable based upon the purely private contractual transactions described in his complaint.  However, even if these allegations could somehow be construed to assert a valid claim against the State, 28 U.S.C. § 1915(e)(2)(B)(iii) provides that, as to any case filed in forma pauperis, "the court shall dismiss the case at any time if the court determines that – . . . the action . . . seeks monetary relief against a defendant who is immune from such relief."  (Emphasis added).

The State of Louisiana is immune from suit in federal court under the Eleventh Amendment.  Sovereign immunity under the Eleventh Amendment bars actions for monetary relief in federal court against a State or state agency unless the State has consented to be sued. U.S. Const. amend. XI; Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Alabama v. Pugh, 438 U.S. 781, 782 (1978); Williams v. Dallas Area Rapid Transit, 242 F.3d 315, 318 (5th Cir. 2001).

Generally, the State of Louisiana has not waived its immunity or consented to the exercise of federal judicial power in civil actions against it.  La. Rev. Stat. Ann. § 13:5106(A); Delahoussaye v. City of New Iberia, 937 F.2d 144, 147 (5th Cir. 1991).

Thus, in each unsanctioned instance of federal suit, the State or its agency must affirmatively waive its Eleventh Amendment immunity. Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 305 (1990); Earles v. State Bd. of Certified Pub. Accountants, 139 F.3d 1033, 1038 (5th Cir. 1998); Stem v. Ahearn, 908 F.2d 1, 4 (5th Cir. 1990).

Because the State of Louisiana is immune from suit and has not waived its immunity, plaintiff's claims against the State must also be dismissed with prejudice.

V.     PROSECUTORIAL IMMUNITY

Plaintiff appears to assert claims against the Orleans Parish District Attorney, his assistant district attorneys and the Attorney General of the State of Louisiana, based solely upon their actions as prosecutors in connection with his state court criminal proceedings.  To the extent that Miller asserts claims against these defendants in their individual capacities, they are immune from suit.

Courts employ a "functional" test to determine whether officials are entitled to absolute immunity, in which they look to the "nature of the function performed, not the identity of the actor who performed it."  Forrester v. White, 484 U.S. 219, 227-29 (1988); accord Hill v. City of Seven Points, 31 Fed. Appx. 835, 2002 WL 243261, at *10  (5th Cir. 2002); Hulsey v. Owens, 63 F.3d 354, 356 (5th Cir. 1995).

It is well established that prosecutors are immune from liability under Section 1983 for actions taken as an advocate in pursuit of a criminal prosecution.  Cleavinger v. Saxner, 474 U.S. 193, 200 (1985); Quinn v. Roach, 326 Fed. Appx. 280, 2009 WL 1181072, at *9

(5th Cir. 2009); <u>Hill</u>, 2002 WL 243261, at *10.  This immunity applies to a prosecutor's actions in "initiating prosecution and carrying [a] criminal case through the judicial process." <u>Id.</u> (quotation omitted); <u>accord</u> <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 270, 272 (1993); <u>Quinn</u>, 2009 WL 1181072, at *9.

Thus, "[a] prosecutor enjoys absolute immunity from personal liability . . . under section 1983 for actions 'initiating a prosecution and . . . presenting the State's case' and those 'intimately associated with the judicial phase of the criminal process.'" <u>Esteves v. Brock</u>, 106 F.3d 674, 676 (5th Cir. 1997) (quoting <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430-31 (1976)); <u>accord</u> <u>Quinn</u>, 2009 WL 1181072, at *9; <u>Hill</u>, 2002 WL 243261, at *10.  "A prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." <u>Kerr v. Lyford</u>, 171 F.3d 330, 337 & n.10 (5th Cir. 1999), <u>abrogated in part on other grounds by Castellano v. Fragozo</u>, 352 F.3d 939 (5th Cir. 2003) (quotation omitted); <u>accord</u> <u>Champluvier v. Couch</u>, 309 Fed. Appx. 902, 2009 WL 320829, at *1 (5th Cir. 2009); <u>Hill</u>, 2002 WL 243261, at *10.

In the instant case, the actions of the district attorney, assistants in his office and Louisiana Attorney General concerning criminal charges against Miller in Orleans Parish form the exclusive basis of plaintiff's claims against them. The district attorney's actions in initiating and pursuing Miller's prosecution and conviction fall well within the ambit of the judicial phase of the criminal process for which prosecutors are immune from liability.

Plaintiff has failed to allege any actions in which the district attorney or his assistants were functioning outside the scope of prosecutorial immunity. Therefore, all damages claims against these defendants in their individual capacity must be dismissed.

While the prosecutors are not immune from the injunctive relief sought in the complaint, all of plaintiff's claims against the district attorney, his assistants and the Louisiana Attorney General are subject to dismissal with prejudice as legally frivolous or for failure to state a claim for which relief can be granted under Heck v. Humphrey, 512 U.S. 477 (1994).

In Heck, the Supreme Court held that a civil action for alleged civil rights violations that attacks the validity of state confinement, which has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (emphasis in original) (footnote omitted). Although the Supreme Court's decision in Heck concerned a civil action for monetary damages, the United States Court of Appeals for the Fifth Circuit has also applied Heck in cases in which the plaintiff seeks injunctive relief.  Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (citing Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584 (1997)).

Miller's claims are clearly connected to the validity of his present confinement. Heck, 512 U.S. at 479 (Convicted prisoner's Section 1983 action for damages barred because it challenged the conduct of state officials who allegedly "'had engaged in an 'unlawful, unreasonable, and arbitrary investigation' leading to petitioner's arrest; 'knowingly destroyed' evidence 'which was exculpatory in nature and could have proved [petitioner's] innocence'; and caused 'an illegal and unlawful voice identification procedure' to be used at petitioner's trial."); Ruiz v. Hofbauer, 325 F. App'x 427, 431 (6th Cir. 2009), cert. denied, 130 S. Ct. 413 (2009) (Section 1983 claims were barred when convicted inmate alleged that defendants violated his civil rights "to maliciously prosecute plaintiff by tampering with 'Brady exculpatory evidence' and using the prosecutor's office and Michigan State Police to take that evidence and withhold it from plaintiff [sic] during the course of the malicious prosecution."); White v. Fox, 294 F. App'x 955, 958 (5th Cir. 2008) ("If we were to find that prison officials altered and destroyed evidence relevant to the [disciplinary] charges against White, that judgment would necessarily imply the invalidity of his subsequent convictions and sentences on

those charges."); <u>Penley v. Collin County</u>, 446 F.3d 572, 573 (5th Cir. 2006) ("To the extent that the district court were to award Penley damages on his claim regarding the destruction of evidence and the loss of the opportunity for DNA testing, the validity of his conviction would be implicitly questioned.").

Miller's complaint indicates that he was arrested on November 5, 1997; that he was convicted on April 12, 1999; and that at the time of filing this complaint, he remained in custody at the Dixon Correctional Institute in Jackson, Louisiana, pursuant to his conviction on the charges about which he complains in this case, and his conviction has not been set aside in any of the ways enumerated in <u>Heck.</u>  Complaint (Record Doc. No. 5-1 at pp. 2-3, ¶¶ II and III(A)).  Thus, any claims for relief that he asserts, challenging his conviction and confinement, whether for injunctive relief or for damages, are barred by <u>Heck.</u>  As noted above, the dismissal of plaintiff's Section 1983 claims is with prejudice to their being asserted again until the <u>Heck</u> conditions are met. <u>Johnson v. McElveen</u>, 101 F.3d 423, 424 (5th Cir. 1996).

VI.   <u>HABEAS CORPUS CLAIMS</u>

As noted above, Miller's complaint in part challenges the very fact and duration of his confinement in connection with his conviction, and he seeks his "immediate release."  Although his complaint is styled as a civil rights action and was filed on a "Form to be Used by a Prisoner in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983," he clearly challenges the validity of his present confinement and seeks

his release.  His Section 1983 complaint is not the proper action in which to assert these habeas corpus claims.

A prisoner who challenges the very fact or duration of his physical confinement and who seeks judgment that would entitle him to release must pursue habeas corpus relief rather than civil rights relief under Section 1983.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Clarke v. Stalder, 121 F.3d 222, 226 (5th Cir.), reh'g en banc granted & opin. vacated, 133 F.3d 940 (5th Cir. 1997), rev'd in part on other grounds & opin. reinstated in relevant part, 154 F.3d 186, 187 (5th Cir. 1998) (en banc); Caldwell v. Line, 679 F.2d 494, 496 (5th Cir. 1982).  Thus, although Miller filed his complaint on a form reserved for Section 1983 complaints, his claims invoke habeas corpus type relief because he challenges the fact of his conviction and confinement and seeks his immediate release.  Clarke, 121 F.3d at 226; Hernandez v. Spencer, 780 F.2d 504, 504 (5th Cir. 1986).

This court's records reveal that Miller filed a previous petition for writ of habeas corpus in this court concerning his 1999 conviction.  In that case, C. A. No. 12-2806 "A"(5), the Magistrate Judge's report and recommendation states the following:

> On April 2, 1998, Miller was charged with possession of 28 to 200 grams of cocaine, La. R.S. 40:967(F)(1)(a), possession of marijuana with intent to distribute, La. R.S. 40:966(A)(1), and possession of a firearm by a convicted felon, La. R.S. 14:95.1. Miller entered a plea of not guilty. The firearm count was severed [and ultimately dismissed] and he proceeded to trial on the other counts. . . .
> Miller was found guilty of both counts after a one-day jury trial on April 12, 1999. Miller was sentenced to 20 years imprisonment for possession of

marijuana with intent to distribute. He was adjudicated as a second felony offender on the possession of cocaine charge, and sentenced to 50 years imprisonment without benefit of parole, probation or suspension of sentence, to run concurrently.

C. A. No. 12-2806 "A"(5), Record Doc. No. 17, pp. 2 and 4, footnotes omitted.  The report and recommendation finding some of plaintiff's claims unexhausted and procedurally barred was accepted, and C. A. No. 12-2806 "A"(5) was dismissed with prejudice on March 21, 2014.  Record Doc. Nos. 26, 27.  In its opinion issued February 5, 2015, denying plaintiff's motion for a Certificate of Appealability, the Fifth Circuit stated that Miller, who argued in his appeal "that his trial counsel was ineffective" and that "the district court erred in denying his request that the court hold his petition in abeyance and allow him to exhaust his state remedies on his remaining claims. . . . has not shown that the district court erred in dismissing his remaining claims as unexhausted and procedurally barred."  Record Doc. No. 39 at pp. 1 and 3.

Thus, to the extent that Miller seeks habeas corpus relief in this case concerning his state court conviction or sentence, he presents this court with a prohibited second or successive habeas corpus application.  28 U.S.C. § 2244(b)(1) and (b)(3)(A) provide:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. (Emphasis added).

-16-

Miller has failed to obtain the required order from the Fifth Circuit authorizing this court to consider his renewed habeas corpus petition.  Accordingly, it must be dismissed.

### RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint asserting claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE**, either as legally frivolous, for failure to state a claim or on immunity grounds under 28 U.S.C. § 1915(e)(2), or under <u>Heck</u>.

**IT IS FURTHER RECOMMENDED** that all habeas corpus claims asserted in plaintiff's 1983 complaint be **DISMISSED WITH PREJUDICE**, as successive, subject to Miller's ability to seek leave from the United States Court of Appeals for the Fifth Circuit to pursue a successive habeas corpus application.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v.</u>

United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

New Orleans, Louisiana, this ___10th___ day of August, 2016.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

-18-