# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-31217
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 29, 2017

Lyle W. Cayce
Clerk

RICHARD NATHANIEL MILLER,

                Plaintiff-Appellant

v.

EDITH BROWN CLEMENT, United States Fifth Circuit Judge, Sued in Official and Individual Capacities; W. EUGENE DAVIS, In Official Capacities (Circuit Judge); GREGG J. COSTA, In Official Capacities (Circuit Judge); JAY C. ZAINEY; ALMA L. CHASEZ, District Court Magistrate, Sued in Official Individualized and Sovereignty Capacity; JOHN BEL EDWARDS, Governor, Sued in Official Capacity; JEFF LANDRY, Attorney General Official Capacity; LEON CANNIZZARO, Orleans Parish District Attorney's Office, Official Capacity; ANDREW PICKETT, Assistant District Attorney Sued in Individual and Official Capacities; J. BRYANT CLARK, Assistant District Attorney Sued in Individual and Official Capacities; STATE OF LOUISIANA,

                Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CV-5778

Before WIENER, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-31217

Richard Nathaniel Miller, Louisiana prisoner # 347066, appeals the district court's dismissal of his 42 U.S.C. § 1983 action in part as frivolous, in part for failure to state a claim, and in part based on the immunity of some of the defendants. In this court, Miller filed a "Motion to Stay/Motion for Extension of Time," arguing for the first time on appeal that his Fifth and Fourteenth Amendment rights have been violated as a result of an obstruction of justice, malfeasance in office, and federal prosecution witness tampering. He further alleges that the defendants violated his right to be free from cruel and unusual punishment by administering a toxic psychotropic drug that caused him to suffer psychological and physiological problems. Miller requests a stay until the United States Attorney conducts a criminal investigation. Miller also raises new claims against the clerk of this court, Lyle Cayce, and two employees of the clerk's office. This court will not consider new legal theories that have been raised for the first time on appeal absent extraordinary circumstances. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 593 (5th Cir. 2006). Miller has not presented extraordinary circumstances as he has not presented purely legal issues nor shown that the asserted errors were so obvious that failure to consider them would result in a miscarriage of justice. *See id.*; *Conley v. Board of Trs. of Grenada Cnty. Hosp.*, 707 F.2d 175, 178 (5th Cir. 1983). The motion to stay further proceedings is denied.

In his brief, Miller reasserts his claims and does not identify any error in the district court's dismissal of his claims. Thus, Miller has abandoned any challenge to the district court's dismissal of his claims. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993); *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Accordingly, Miller's appeal is dismissed as frivolous.

2

No. 16-31217

The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1761–64 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Miller is cautioned that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

The district court determined that to the extent that Miller sought habeas relief, his action was an unauthorized successive 28 U.S.C. § 2254 application, which must be dismissed. The district court did not rule on whether a certificate of appealability ("COA") should be issued. We decline to remand for a COA determination because a remand would be futile. *See United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000).

APPEAL DISMISSED IN PART AS FRIVOLOUS AND IN PART FOR LACK OF JURISDICTION; DENY MOTION TO STAY FURTHER PROCEEDINGS; SANCTION WARNING ISSUED.